JOHN R. WENTZ v. BURTON SYSTEM, INC., ET AL.

(Filed 2 May, 1923.)

**Evidence—Nonsuit—Motions—Trials.**

> In this action to set aside a sale and transfer of personal property for fraud and false representations, the evidence was sufficient for the determination of the jury, and defendants' motion as of nonsuit thereon should have been denied.

APPEAL by plaintiff from *Webb, J.,* at October Term, 1922, of MECKLENBURG.

Action to set aside a sale and transfer of certain personal property, and for damages, it being alleged that the sale of the property in question was induced by fraud and false representations. At the close of plaintiff's evidence, judgment as of nonsuit was entered, on motion of the defendants. Plaintiff appealed.

*Stancill & Davis, J. D. McCall, and John M. Robinson for plaintiff.*
*James A. Bell and D. B. Smith for defendants.*

McLeod *v.* Lemons.

Per Curiam. Without stating the facts, which are somewhat complicated, and make a rather long story, we are convinced, from a careful perusal of the record, viewing the evidence in its most favorable light for the plaintiff, the accepted position on a motion to nonsuit, that the case should have been submitted to the jury. No benefit would be derived from detailing the evidence, as the only question before us is whether it is sufficient to carry the case to the jury, and we think it is.

The judgment of nonsuit will be set aside, and the cause remanded for another trial.

Reversed.